Case 1:20-cr-00295-JMS-TAB   Document 110   Filed 07/23/24   Page 1 of 4 PageID #: 507

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America <br> v. <br> LEONARD SWEET | Case No: 1:20-cr-00295-JMS-TAB-02 <br> USM No: 17235-028 |
| Date of Original Judgment: 10/13/2021 <br> Date of Previous Amended Judgment: _____ <br> *(Use Date of Last Amended Judgment if Any)* | Harold Samuel Ansell (prior) <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 07/23/2024

*Jane Magnus-Stinson*
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 1:20-cr-00295-JMS-TAB |
| LEONARD SWEET (02), | ) ) ) ) |
| Defendant. | ) ) |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Leonard Sweet (02) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [102].[1] Mr. Sweet was convicted of possession with intent to distribution 50 grams or more of methamphetamine. [93]. He received a sentence of 120 months. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [102]. The Government has filed a Response in Opposition in which it asserts that Mr. Sweet is ineligible because his sentence was not based on any guideline range, but on a statutory, mandatory minimum sentence of 10 years' imprisonment. [109].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Sweet. [103]. Counsel was later granted leave to withdraw. [106]. Mr. Sweet was afforded an opportunity to supplement his petition following the withdrawal [107], which he did not.

Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Sweet is ineligible for resentencing. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). While indeed this amendment applies to Mr. Sweet, and he would now be in Criminal History Category IV, as explained below Mr. Sweet is still not entitled to a sentence reduction.

Mr. Sweet's sentence was not based at all on the guidelines. He was sentenced to the statutory mandatory minimum of 10 years which actually was far less than what would be his new guideline range of 151-181 months. Amendment 821 prohibits the Court from reducing his sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).  The Amendment therefore provides Mr. Sweet no relief.

The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Sweet's Motion to Reduce Sentence [102] is **DENIED.**

IT IS SO ORDERED.

Date: 7/23/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Pamela.domash@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

<u>By U.S. Mail to:</u>
Leonard Sweet
Reg. No. 17235-028
MCFP Springfield
P.O. Box 4000
Memphis, TN  38184